# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# MEMPHIS DIVISION

| | |
|---|---|
| WILLIAM WEDDENDORF and PEGGY WEDDENDORF, <br><br> Plaintiffs, <br><br> v. <br><br> CREDENCE RESOURCE MANAGEMENT, LLC, <br><br> Defendant. | No. 2:24-cv-02118 |

## PLAINTIFFS' COMPLAINT

Plaintiffs, WILLIAM WEDDENDORF and PEGGY WEDDENDORF ("Plaintiffs"), through their attorneys, Hormozdi Law Firm, LLC, alleges the following against Defendant, CREDENCE RESOURCE MANAGEMENT, LLC ("Defendant"):

## INTRODUCTION

1. Plaintiffs' Complaint is based on the Fair Debt Collection Practices Act 15 U.S.C. § 1692, et seq. ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. §1692k (FDCPA).

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

1

## PARTIES

5. Plaintiffs are natural persons residing in the City of Bartlett, Shelby County, State of Tennessee.

6. Plaintiffs are consumers as that term is defined by the FDCPA.

7. Defendant is a debt collector as that term is defined by the FDCPA.

8. Within the last year, Defendant attempted to collect a consumer debt from Plaintiffs.

9. Defendant is a collection agency with a principal place of business in the City of Dallas, Collin County, State of Texas.

10. Defendant conducts business in the State of Tennessee.

11. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

12. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

13. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

14. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

15. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

16. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

17. Defendant is attempting to collect an alleged consumer debt from Plaintiffs, allegedly originating from an unpaid Xfinity Mobile account.

18. The alleged debt owed arises from transactions for personal, family, and household purposes.

19. Plaintiffs do not owe the alleged debt.

20. Defendant is attempting to collect the alleged debt from "Anshniqua."

21. Within the past year of Plaintiffs filing this Complaint, Defendant called Plaintiffs on their telephone number at XXX-XXX-7546 in an attempt to collect the alleged debt.

22. Defendant calls Plaintiffs from, at least, the following phone numbers, which all belong to Defendant: 931-342-9225; 901-979-0078; 901-979-0128; 901-979-0178; 931-342-9285; 901-545-2473; 931-342-9255; 901-450-3117; and 901-450-3164.

23. On or about December 21, 2022, Plaintiffs returned a missed call from Defendant, and spoke with one of Defendant's collectors.

24. During the above-referenced telephone conversation:

    a. Plaintiffs were advised the name associated with the alleged debt was Anshniqua.

    b. Plaintiffs explained to Defendant they were contacting the wrong persons.

    c. Plaintiffs explained to Defendant that they did not owe the alleged debt.

    d. Plaintiffs requested Defendant stop calling them.

25. Despite the foregoing, Defendant continued to call Plaintiffs' telephones unabated, on, at least, the following dates:

    a. 22nd, 23rd, 27th, and 28th of December, 2022;

    b. 13th, 14th, 17th, 18th, 19th, 20th, 21st, 25th, 26th, 27th, 28th, and 29th of April, 2023; and

    c. 1st of May, 2023.

26. On or about May 4, 2023, Counsel for Plaintiffs sent an email to Defendant's email at complaints@credencerm.com which stated:

    a. "To Whom it May Concern: Please note that Agruss Law Firm, LLC represents Peggy & William Weddendorf (Ph. (901) 338-4031 & 901-499-7546) in a FDCPA claim against Credence Resource Management. Please cease all communications with our client and any third parties associated with this account. Thank you."

27. On or about May 4, 2023, Defendant responded to Plaintiffs' Counsel via an email reply from complaints@credencerm.com which read:

    a. "Hello, We are in receipt of your email dated May 4, 2023. We were notified that this number belongs to our consumer, since you have confirmed that this number belongs to Peggy & William Weddendorf, Credence has marked this as a wrong number. Also Credence has removed the number from its records and placed on Credence's do not call list to prevent any further calls to them. Credence apologizes for the inconvenience caused to them."

28. The email was signed "Sincerely, Credence Resource Management, LLC" with Defendant's accurate mailing address, contact information, and an unsubscribe option.

29. Despite the foregoing, Defendant continued to contact Plaintiffs in connection with the alleged debt.

30. On or about November 22, 2023, Defendant sent the following text message to Plaintiffs at XXX-XXX-7546:

    a. "Credence Resource Management, LLC – Debt Collector. ANSHNIQUA, offer to resolve your Xfinity Mobile account XXXX4899 with a balance of $583.69 for

only $356.05, a savings of $227.64. You also have the ability to pay in parts. Call 877-204-0627 or Pay: https://crmd.ai/pay. Rights: https://crmd.ai/rights. Reply STOP to stop"

31. The natural consequences of Defendant's actions were to unjustly condemn and vilify Plaintiffs for non-payment of the alleged debt.

32. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiffs.

33. The natural consequences of Defendant's actions were to cause Plaintiffs mental distress.

34. Defendant's actions constitute an invasion of Plaintiffs' individual privacy and Plaintiffs have suffered a concrete and particularized injury to their legally protected interest of their individual privacy.

**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

35. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692b(3) of the FDCPA by communicating with any person other than the consumer and communicating with such person more than once unless requested to do so by such person, when Defendant contacted Plaintiffs about the alleged debt despite Plaintiffs not owing the alleged debt and requesting Defendant cease communication;

    b. Defendant violated § 1692c(a)(2) of the FDCPA by communicating with the consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt, when Defendant sent a text message to Plaintiffs telephone number in an attempt to collect the alleged debt despite having previously acknowledged Counsel's representation of Plaintiffs;

    c. Defendant violated § 1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, when Defendant contacted Plaintiffs regarding a debt they did not owe, when Defendant continued to contact Plaintiffs despite Plaintiffs' communication they were not the correct debtor and Plaintiffs' requests for Defendant to cease communication, and when Defendant sent a text message to Plaintiffs despite knowing that they were represented by counsel;

    d. Defendant violated § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number, when Defendant continued to place collection calls to Plaintiffs within 7 days of talking to Plaintiffs and after Plaintiffs notified Defendant they were not who Defendant was attempting to contact;

    e. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when Defendant engaged in engaged in, at least, the following discrete violations of § 1692e;

    f. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when Defendant created the false impression on Plaintiffs that Defendant was permitted to continue calling Plaintiffs with impunity after Plaintiffs disputed owing the alleged debt and despite Plaintiffs' requests for Defendant to stop calling;

g.  Defendant violated § 1692e(2) of the FDCPA by falsely representing the character, amount, or legal status of any debt, when Defendant continued to call Plaintiffs in attempts to collect on a debt Plaintiffs did not owe;

h.  Defendant violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt when Defendant attempted to collect from Plaintiffs on a debt they did not owe;

i.  Defendant violated § 1692g(b) of the FDCPA by engaging in collection activities and communication during the time period prescribed in § 1692g(a) and (b) that overshadowed or was inconsistent with the disclosure of the consumer's right to dispute the debt, when Defendant continued to attempt to collect the alleged debt from Plaintiffs after Plaintiffs orally disputed owing the alleged debt;

j.  Defendant violated section 1006.14 of Regulation F (12 CFR 1006.14) by placing a telephone call to a particular person in connection with the collection of a particular debt within a period of seven consecutive days after having had a telephone conversation with the person in connection with the collection of such debt, when Defendant spoke to Plaintiffs regarding the alleged debt on December 21, 2022, and placed additional calls to Plaintiffs on December 22, 2022, and December 23, 2022; and

k.  Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when Defendant engaged in all of the foregoing misconduct.

WHEREFORE, Plaintiffs, WILLIAM and PEGGY WEDDENDORF, respectfully request judgment be entered against Defendant, CREDENCE RESOURCE MANAGEMENT, LLC, for the following:

a. Actual damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k to be determined at trial;

b. Statutory damages of $1,000.00 per alleged debt attempted to be collected pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

c. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

d. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

February 23, 2024

By: /s/ Shireen Hormozdi
Shireen Hormozdi
Hormozdi Law Firm, LLC
1770 Indian Trail Lilburn Road, Suite 175
Norcross, GA 30093
Tel: 678-395-7795
Fax: 866-929-2434
shireen@norcrosslawfirm.com
Attorney for Plaintiff

8